IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SUSAN WILSON,<br>as Administrator of the Estate of<br>MATTHEW BRIAN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>DAVIDSON COUNTY<br>SHERIFF'S OFFICE, *et al.*,<br><br>Defendants. | 1:24-cv-219 |

**ORDER**

This matter is before the Court on a motion for summary judgment and motion in limine to exclude expert testimony. The motions were filed by Defendants IMS Correctional Healthcare, LLC; Celia Entwistle, MD; and Michelle Madden, LPN ("Medical Defendants"). Dkts. 66, 70. The United States Magistrate Judge issued an 84-page Memorandum Opinion and Recommendation granting the Medical Defendants' motions. Dkt. 121 ("Recommendation"). Plaintiff objected to the Recommendation on several grounds. Dkt. 123 at 2. The Medical Defendants responded. Dkt. 128. The Court now adopts the Recommendation in full.

This Court must "make a *de novo* determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . or

recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Here, Plaintiff has objected to the Recommendation on ten grounds. *See* Dkt, 123 at 2.

Reviewing *de novo*, the Court now adopts the Recommendation granting the Medical Defendants' motions. The Medical Defendants moved in limine to exclude Plaintiff's three medical experts on the grounds that the experts failed to meet the requirements of North Carolina Rule of Evidence 702 (regarding Plaintiff's state-law claims) and Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26 (regarding Plaintiff's federal claims). Dkts. 70, 71. The Medical Defendants also moved for summary judgment under Federal Rule of Civil Procedure 56. Dkts. 66, 67. After conducting *de novo* review of the record and issues, the Court adopts the Recommendation in full.

The Court will address each of Plaintiff's objections to the Recommendation in turn. Plaintiff first objects to Dr. McKinstry's exclusion as an expert witness, which results in her state malpractice claim failing. Dkt. 123 at 2 ¶¶ A-C. The Court agrees with the Magistrate Judge's analysis that the materials Dr. McKinstry reviewed were insufficient to familiarize her with the standard of care of the detention center. *See* Dkt. 121 at 57-60. And Dr. McKinstry could not rely on her own practice of medicine because, unlike in the case law Plaintiff cites, the issues in this case do not relate to "uniform procedures" with a uniform standard of care. *See* Dkt. 121 at 55-56 n.30. Because Plaintiff has not otherwise proffered a qualified expert to testify to the relevant standard of care, her state malpractice claim fails. Dkt. 121 at 74-75.

Plaintiff next objects that Drs. Corvin, McKinstry, and Reardon should be permitted to testify against the Medical Defendants on deliberate indifference. Dkt. 123 at 2 ¶ D. The Court agrees that Plaintiff conceded that the expert reports of Drs. Corvin and McKinstry failed to disclose their opinions regarding deliberate indifference, as Federal Rule of Civil Procedure 26 requires them to do. Dkt. 121 at 61 (citing Dkt. 92 at 19). This failure to disclose was not "substantially justified . . . or harmless," Fed. R. Civ. P. 37(c)(1), so Drs. Corvin and McKinstry cannot testify on deliberate indifference. And the Court agrees that Dr. Reardon's expert report did not disclose her opinions on deliberate indifference regarding any specific conduct by either Nurse Madden or Dr. Entwistle. *See* Dkt. 71-1 at 85-86. The report instead offers conclusory opinions on what the Medical Defendants in general did wrong. *See id.* That deficiency does not comply with Federal Rule of Civil Procedure 26, so Dr. Reardon may not testify regarding deliberate indifference. And in any case, the opinions in Dr. Reardon's report are couched in the "language of negligence," which speaks to malpractice—not deliberate indifference, which sets a much higher standard. *See* Dkt. 121 at 64-65. As a result, Dr. Reardon's testimony would not help the jury evaluate a deliberate indifference claim. *See* Fed. R. Evid. 702 (requiring that the "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue").

Plaintiff next objects to the finding that Dr. Entwistle and Nurse Madden acted without deliberate indifference in their conduct toward Mr. Wilson, resulting in dismissal

of her deliberate indifference claim against them. Dkt. 123 at 2 ¶¶ E-F. It is true that "some treatment" is not automatically "constitutionally adequate treatment." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 211 (4th Cir. 2017). But the Court agrees that the care the Medical Defendants provided Mr. Wilson—including the decision not to transfer him to a different facility[1]—"hardly constitutes . . . the sort of 'reckless' conduct required for a deliberate indifference claim." Dkt. 121 at 81-82 (quoting *Johnson v. Adams*, No. 24-7009, 2026 WL 624616, at *2 (4th Cir. Mar. 4, 2026)).

Plaintiff next objects to the dismissal of her *Monell* claim, which is related to questions of who controlled the alleged no-transfer policy for uninjured suicidal detainees. Dkt. 123 at 2 ¶¶ G-J. The Court agrees that the *Monell* claim against the Medical Defendants fails for a lack of an underlying constitutional violation. Neither Dr. Entwistle nor Nurse Madden was deliberately indifferent to Mr. Wilson's medical needs, so their behavior is not actionable even had it flowed from an official policy, practice, or custom. Dkt. 121 at 83 (quoting *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) ("[If] there are no underlying constitutional violations by any individual, there can be no municipal liability."). The Court therefore need not, and does not, decide to whom the alleged policy is attributable, Dkt. 123 at 2 ¶ I, or whether Dr. Entwistle was subject to Dr. Piland's control,

[1] The Court need not, and does not, decide whether the Medical Defendants had the authority to transfer Mr. Wilson because the decision not to transfer him was at best negligent, which is not enough for a deliberate indifference claim.

Dkt. 123 at 2 ¶ H. The Court however notes that even if the Medical Defendants were deliberately indifferent, and even if their deliberate indifference flowed from an official policy, Plaintiff's *Monell* claim would still fail for a lack of proximate causation between the policy and Mr. Wilson's death, as this Court has already decided. *See* Dkt. 119 at 46-48, *adopted* Dkt. 124 (finding Mr. Wilson's unilateral conduct attenuated the connection between the alleged no-transfer policy and his death); *see* Dkt. 123 at 2 ¶ J (objecting to proximate cause finding).

It is **THEREFORE ORDERED** that the Plaintiff's Objections, Dkt. 123, are **OVERRULED** and the Recommendation, Dkt. 121, is **ADOPTED IN FULL**. The Medical Defendants' Motion in Limine to Exclude George P. Corvin, Maureen L. Reardon, and Edna S. Wong McKinstry, Dkt. 70, is **GRANTED**. The Medical Defendants' Motion for Summary Judgment, Dkt. 66, is **GRANTED**. The Medical Defendants are therefore **DISMISSED** from this action.

A Judgment will be entered contemporaneously with this Order.

This the 30th day of September, 2026.

LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE